# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| HOWARD JACKSON, | Case No. 19-CV-1651 (DSD/SER) |
| Plaintiff, | |
| v. | **ORDER** |
| SKINNERS PUB, | |
| Defendant. | |

Plaintiff Howard Jackson alleges that he was unlawfully fired from his employment by defendant Skinners Pub. Jackson did not pay the filing fee for this matter, but instead applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

Based on that review, this Court concludes that Jackson qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all

1

of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The complaint makes clear that Jackson believes he was terminated as a result of his race and because he had acted as a "whistleblower." But the pleading does not include any factual allegations regarding those alleged acts of discrimination and retaliation. For example, Jackson does not allege what actions the defendant took, other than the termination, that were a result of discriminatory animus. Further, even with respect to the termination, Jackson does not allege in the complaint any reason to believe that the termination was motivated by an unlawful purpose.[1] All that the complaint

---

[1] This Court also notes that Jackson has not included a right-to-sue letter from the Equal Employment Opportunity Commission among the documents submitted to the Court. If Jackson has not yet procured such a letter, it is overwhelmingly doubtful that he will succeed on any claims of unlawful employment discrimination or retaliation brought under federal law. By contrast, Jackson *has* included a right-to-sue letter from the Saint Paul Department of Human Rights and Equal Economic Opportunity, but (1) such a letter authorizes suit only pursuant to state law, not federal law; (2) there is no reason from the complaint to believe that this Court has original jurisdiction over state-law claims for

alleges is that Jackson was discriminated against and retaliated against, but the complaint offers no reason to believe that these conclusory allegations are true.

Rather than recommend dismissal of this action at this time, Jackson will be afforded an opportunity to submit an amended complaint. That amended complaint must include factual allegations that, if proved true, would demonstrate that the defendant acted unlawfully in terminating Jackson's employment. The amended complaint need not be overly long or detailed, *see* Fed. R. Civ. P. 8(a)(2), but neither may it rely entirely upon conclusory allegations of the kind found in the original pleading. Put another way, Jackson cannot merely allege that he was discriminated against, but must instead make factual allegations that show how, exactly, he was discriminated against. Jackson must submit his amended complaint within 20 days of this order, failing which it will be recommended that this matter be dismissed without prejudice for failure to prosecute or, alternatively, failure to state a claim on which relief may be granted. *See* Fed. R. Civ. P. 41(b).

SO ORDERED.

Dated: July 11, 2019 *s/ Steven E. Rau*_____
Steven E. Rau
United States Magistrate Judge

---

relief brought by Jackson in this proceeding; and (3) the time for filing suit under state law upon receiving the right-to-sue letter appears to have passed. *See* ECF No. 1-1 at 5 (giving Jackson 45 days to sue from the date of February 14, 2019).